# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8108-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| | CV 13-8109 ABC (Ex) | | |
| Title | Antonio Acfalle, et al., v. DirectV, Inc., et al. | | |
| | Anthony Addison, et al., v. DirectV, Inc., et al. | | |

| Present: The Honorable | Audrey B. Collins | |
|---|---|---|
| Angela Bridges | None Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:**   ORDER RE: MOTIONS TO TRANSFER AND MOTIONS TO SEVER CLAIMS OF PLAINTIFFS AND DEFENDANTS (In Chambers)

Pending before the Court are Defendant's Motions to Sever Claims of Plaintiffs, Sever Defendants, and Transfer.  Plaintiffs filed Oppositions to all Motions and Defendants filed Replies.  The Court hereby **GRANTS** in part and **DENIES** in part the Motions to Sever Claims of Plaintiffs.  The Court  **DENIES** as moot and without prejudice the Motions to Transfer and the Motions to Sever Defendants.

## I.  BACKGROUND

The background of these cases is set forth comprehensively in the parties' papers, so the Court will provide only a brief summary.  The Plaintiffs in the four cases herein assert wage and hour claims under the FLSA and state law against Defendants.  Most of them were originally plaintiffs in an FLSA collective action lawsuit filed in the Eastern of District of Louisiana, Lang v. DirecTV, Inc., case no. 10-1085-NJB ("Lang").  Upon the parties' stipulation, Lang was decertified and dismissed, and its opt-in plaintiffs were barred from pursuing their claims in any other collective or class action.  However, the former Lang plaintiffs were otherwise free to pursue their claims.

Thereafter, 323 Lang plaintiffs and some 35 non-Lang plaintiffs filed their claims in this district.  They joined their claims to comprise eleven cases (all related).[1]

Plaintiffs are technicians who perform installation and repair services on DirecTV satellite television equipment.  Plaintiffs allege that they were required to perform work-related tasks for which

---

[1]  The first-filed case to which all of the other cases are related is Antonio Acfalle, et al., v. DirectV, Inc., et al., CV 13-8108-ABC (Ex).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8108-ABC (Ex) | Date | July 22, 2014 |
| | CV 13-8109 ABC (Ex) | | |
| Title | Antonio Acfalle, et al., v. DirectTV, Inc., et al. | | |
| | Anthony Addison, et al., v. DirectTV, Inc., et al. | | |

they were not compensated, and as a result, were denied wages and overtime pay. The Defendants are DirecTV and four companies characterized as "Home Service Providers" ("HSP"): DirectSat USA LLC; DTV Home Services II, LLC; Mastec North America Inc.; and Multiband Corporation.[2] According to Plaintiffs, DirecTV operates a nationwide Provider Network to install and repair its satellite television equipment. This network consists of several levels of intermediaries. The HSPs are among the largest intermediaries and have a direct relationship with DirecTV. These HSPs either provide DirecTV with technicians themselves, or they subcontract this work out to other contractors. Some Plaintiffs worked for HSPs, others worked only for subcontractors, and still others worked for HSPs and subcontractors.

Plaintiffs contend that although most of them were formally employed by non-party subcontractors, in fact, DirecTV and the HSPs, along with the subcontractors, were their joint employers and are liable for their unpaid wages and overtime. Plaintiffs assert that they brought their claims in the Central District of California because it is the only single district in which venue for all of their claims is proper because DirecTV is headquartered here and all of the HSPs consented to jurisdiction here.

In all of the eleven cases, Defendants filed Motions to sever Plaintiffs and Defendants, and to transfer these cases under 28 U.S.C. § 1404(a) to the Plaintiffs' home districts. This Order addresses the Motions filed in two cases.[3] The *Addison* case comprises the claims of 19 plaintiffs: two from Texas and seventeen from California. The *Addison* Plaintiffs assert claims under the FLSA and California wage and hour law. The *Acfalle* case encompasses the claims of 278 plaintiffs who worked in thirty different states. Only one Plaintiff in *Acfalle* (Mark Jones) is from California. The *Acfalle* Plaintiffs assert only a claim under the FLSA, and no state law claims.

**II. LEGAL STANDARD**

**A.      Motion to Sever Plaintiffs**

"The purpose of [joinder] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. [] Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). Thus, Rule 20(a) of the Federal Rules of Civil Procedure permits joinder of plaintiffs only where there is both (1) a right to relief based on the same transaction or occurrence, and (2) a common question of law or fact with respect to all parties. Rule 21 states, "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop

---

[2] Not every HSP is named as a Defendant in every case.

[3] Concurrently with this Order, the Court is issuing Orders resolving the same motions in the other nine related cases.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8108-ABC (Ex) | Date | July 22, 2014 |
| --- | --- | --- | --- |
|  | CV 13-8109 ABC (Ex) |  |  |

| Title | Antonio Acfalle, et al., v. DirectTV, Inc., et al. |
| --- | --- |
|  | Anthony Addison, et al., v. DirectTV, Inc., et al. |

a party, the court may also sever any claim against a party."

Rule 20(a) must be satisfied in order to *allow* joinder under Rule 20(a). Thus, if joined plaintiffs' claims do not satisfy both components of Rule 20(a), the plaintiffs are misjoined and may be severed into separate cases under Rule 21. However, even if Rule 20(a) is satisfied, there is no requirement that the parties must be joined. Indeed, Rule 20(a) is permissive in character and does not compel the Court to allow joinder simply because Rule 20(a) is satisfied. See 7 Wright, Miller, & Kane, Federal Practice and Procedure, § 1652, at 395. Rather, "the court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Id. Even where the specific requirements of Rule 20(a) are satisfied, "a district court must examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side. [] Under Rule 20(b), the district court may sever the trial in order to avoid prejudice." Coleman v. Quaker Oats Co., 232 F.3d 1271, 1296 (9th Cir. 2000) (citing Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). "A determination on the question of joinder of parties lies within the discretion of the district court." Puricelli v. CNA Insurance Co., 185 F.R.D. 139, 142 (N.D.N.Y.1999) (citing Mosley, 497 F.2d 1330, 1332). Courts have denied joinder to avoid prejudice or delay, to ensure judicial economy, or to safeguard principles of fundamental fairness. See Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521-522 (5th Cir. 2010) (citing cases so holding, and affirming district court's denial of joinder of claims of some 800 plaintiffs on the ground that, even if Rule 20(a) were satisfied, "[t]he district court was within its wide discretion to conclude that trying these claims together would be too challenging logistically, given the divergent working conditions at each store and the different defenses applicable to each plaintiff's claims.").

Furthermore, although Rule 21 states that misjoinder is not a ground for dismissing *an action*, it does allow the Court to add or drop a party "on just terms."

## B.    Motion to Transfer

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). A motion for transfer lies within the broad discretion of the district court, and must be determined on an individualized basis. Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000). In order to succeed on a motion to transfer venue, the moving party must show that the forum to which they seek transfer is a forum in which the action originally might have been brought. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960).

In resolving a motion to transfer, courts consider three main factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 264, 269 (C.D. Cal. 1998) (citing Arley v. United Pac.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8108-ABC (Ex) | Date | July 22, 2014 |
| | CV 13-8109 ABC (Ex) | | |

| Title | Antonio Acfalle, et al., v. DirectTV, Inc., et al. |
| | Anthony Addison, et al., v. DirectTV, Inc., et al. |

Ins. Co., 379 F.2d 183, 185 (9th Cir. 1969)).  Under these three main factors, courts also consider the following sub-factors: (1) the plaintiff's choice of forum; (2) the location where the events at issue took place; (3) the differences in the costs of litigation in the two forums; (4) the respective parties' contacts with the forum; (5) the contacts relating to the plaintiff's cause of action in the chosen forum; (6) any local interest in the controversy; (7) the ease of access to sources of proof; (8) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (9) the state that is most familiar with the governing law.  See Jones, 211 F.3d at 498-99; see also Geo. F. Martin Company v. Royal Insurance Company of America, No. C03-5859 SI., 2004 WL 1125048, at *2 (N.D. Cal. May. 14, 2004).  The moving party bears the burden of demonstrating that transfer is appropriate.  Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 279 (9th Cir. 1979).

## III.  DISCUSSION

Defendants move for severance on several bases.  The Court is not persuaded by Defendants' argument that the FLSA bars the joinder of claims under Rule 20.  Indeed, Rule 20 appears to be commonly used to join FLSA claims, and this does not appear to be inconsistent with the FLSA.

Nor does the Court find it necessary to determine whether all of the Plaintiffs are misjoined under the two formal components of Rule 20(a).  This is because even if Rule 20(a) is satisfied, other relevant factors demonstrate that joinder would not serve the purposes of the rule and would result in prejudice, expense, and delay.  In particular, some of the factors used to assess a motion for transfer under 28 U.S.C. § 1404(a) demonstrate that joinder is inappropriate here.  As such, the Court will incorporate some of the elements of the § 1404(a) analysis into its severance analysis.

Using discovery conducted in Lang before it was decertified and allegations in the Complaints, Defendants compiled a Compendium of Evidence ("Compendium") consisting of a table showing, for each Plaintiff, various facts relevant to the § 1404(a) inquiry, such as each Plaintiff's home state, direct employer, city where employed, and names of supervisors.  See, e.g., Case No. 13-cv-8108, Karr Decl. Exh. A (docket no. 50-1).  Upon review of the evidence, and in light of the foregoing guidance, the Court finds that the purposes of joinder would not be served by litigating the claims of non-California Plaintiffs together with the claims of California Plaintiffs.  Litigating the claims of the numerous non-California Plaintiffs in the same case with the California Plaintiffs, in the Central District of California, would inconvenience the parties and nearly all non-party witnesses relevant to the non-California claims, would not serve judicial economy, and would likely delay the ultimate resolution of all of Plaintiffs' claims.  Thus, the Court will sever and drop the claims of non-California Plaintiffs for the reasons and on the terms set forth below.

**A.    The Central District of California is not a Convenient Forum for Non-California Plaintiffs and for Defendants Other than DirecTV.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8108-ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| | CV 13-8109 ABC (Ex) | | |
| Title | Antonio Acfalle, et al., v. DirectTV, Inc., et al. | | |
| | Anthony Addison, et al., v. DirectTV, Inc., et al. | | |

The events in issue with respect to claims of non-California Plaintiffs took place overwhelmingly in those Plaintiffs' states of residence. Plaintiffs' wage and hour violations arose from their employment and therefore the "operative facts" occurred in the states in which the Plaintiffs were employed, that is, where they performed their work. The discovery from Lang reveals that almost all of the former Lang Plaintiffs in these two cases were employed in their states of residence. Although it is not clear where the few non-Lang Plaintiffs in these cases were employed, it is more likely than not that they were employed in their states of residence or in neighboring states. Even given a lack of certainty as to several Plaintiffs' place of employment, it is clear that the vast majority of operative facts that give rise to the claims of non-California plaintiffs took place in other states, that is, not in California.

Furthermore, the respective parties' contacts with the states in which the non-California Plaintiffs work and reside far outweigh their contacts with California. The only party with any contacts with California is DirecTV. None of the non-California Plaintiffs has any significant contacts with California, nor do any of the other Defendants, none of whom does business here.

Notwithstanding the non-California Plaintiffs' argument that it is just as convenient for them to litigate in California as it would be in their home states, it is actually far more convenient for them and for Defendants alike to litigate in their home states than in a distant state. Traveling a necessarily shorter – and often likely driveable – distance is self-evidently more convenient than having to travel a farther distance involving flights, for deposition and trial.

**B.     California is Not a Convenient Forum for Non-Party Witnesses Relevant to the Non-California Plaintiffs' Claims.**

The convenience of witnesses is often deemed the most important factor in deciding a transfer motion. See Saminsky v. Occidental Petroleum Corp., 373 F.Supp. 257, 259 (S.D.N.Y. 1974). The court considers not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony as it relates to the issues in the case. Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc., 42 F. Supp. 2d 628, 639-640 (N.D. Miss. 1999). "The movant is obligated to clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included." Fireman's Fund Ins. Co. v. National Bank for Cooperatives, 1993 WL 341274, *4 (N.D.Cal. 1993). In balancing the convenience of the witnesses, courts give primary consideration to non-party witnesses, as opposed to witnesses who are employees of a party to the litigation. Queentex Enterprises, Inc. v. Sara Lee Corp., 2000 WL 246599, at *5 (N.D. Cal. 2000). Party witnesses can be compelled to testify regardless of the forum in which the lawsuit is ultimately litigated. See, e.g. Applied Elastomerics, Inc. v. Z-Man Fishing Products, Inc., 2006 WL 2868971 at *4 (N.D. Cal. 2006).

This factor weighs heavily in favor of severance. The parties' disagreement over this factor arises from their divergent views of whether non-parties would have testimony relevant to this case.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8108-ABC (Ex) | Date | July 22, 2014 |
| --- | --- | --- | --- |
| | CV 13-8109 ABC (Ex) | | |

| Title | Antonio Acfalle, et al., v. DirectTV, Inc., et al. |
| --- | --- |
| | Anthony Addison, et al., v. DirectTV, Inc., et al. |

The Court finds that it is far more likely than not that non-party testimony will be crucial. Plaintiffs contend that they were treated as independent contractors when they were really employees, and as a result, they were not paid for all hours they worked or for overtime. It is clear that Plaintiffs' supervisors and co-workers will have testimony relevant to this issue. Defendants' Compendium shows the direct employers of most of the Plaintiffs. Only a small minority of Plaintiffs were employed by a Defendant, and the vast majority of them were employed by one or more non-party subcontractor. For some Plaintiffs, the Compendium also identifies supervisors and other witnesses who would have relevant testimony, the vast majority of whom are or were employed by non-parties. Thus, the vast majority of supervisors and co-workers who would have testimony bearing on Plaintiffs' claims were employed by non-parties. Because these non-party witnesses supervised or otherwise worked with Plaintiffs at their places of employment, they are by and large located in states where Plaintiffs worked. Because the non-California Plaintiffs worked in states other than California, non-California non-party witnesses will have important testimony for the non-California Plaintiffs' claims. For such witnesses – who, based on the Compendium, are sure to outnumber party witnesses – a California forum is clearly inconvenient.

Plaintiffs argue that, in light of their joint employer theory of liability, the most important evidence consists of the network provide agreements between DirecTV and the HSPs, and between the HSPs and the subcontractors. Plaintiffs further contend that these agreements are uniform in most if not all material respects. By this reasoning, Plaintiffs attempt to downplay the significance of subcontractor (i.e., non-party) testimony. This effort is not convincing. Although the Court understands Plaintiffs' theory, it remains just a theory and is not a basis upon which to conclude the non-party testimony noted above is not relevant. Even if Plaintiffs were to succeed in demonstrating their joint employer theory, that would only establish that DirecTV and/or the HSPs would be liable for unpaid work; it would not establish that Plaintiffs actually performed unpaid work, or the amount of unpaid work they performed – issues to which testimony from non-parties (supervisors and others employed by non-party subcontractors) would be essential. In short, even were Plaintiffs to demonstrate that Defendants were their joint employers and thus, in theory, liable for unpaid work, they would still have to establish facts showing that they performed unpaid work, and how much – matters as to which non-party testimony will be important. Furthermore, the evidence (documentary and testimonial) bearing on the network provider agreements and therefore on Plaintiffs' joint employer theory would certainly be less voluminous than the evidence bearing on the actual circumstances of each plaintiffs' employment.

There appear to be a negligible number, if any, of non-party witnesses in California who would have testimony relevant to the claims of non-California Plaintiffs. Thus, California is not a convenient forum for almost all of the non-party witnesses relevant to non-California plaintiffs. Certainly, the Plaintiffs' home states are more convenient fora for most of these non-party witnesses.

The convenience of non-party witnesses therefore weighs decidedly in favor of severing non-California Plaintiffs so that they can re-file their claims in their home states, or neighboring states.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-8108-ABC (Ex)<br>CV 13-8109 ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Antonio Acfalle, et al., v. DirectV, Inc., et al. | | |
| | Anthony Addison, et al., v. DirectV, Inc., et al. | | |

**C.       Judicial Economy Favors Severance.**

As suggested by the foregoing discussion, Plaintiffs must demonstrate their joint employer theory as between the Defendants and each subcontractor, and they must demonstrate that they performed uncompensated work or were not paid overtime in violation of the FLSA. Because this is not a class action or collective action, each of these facts must be established individually for every plaintiff. The burdens of managing such litigation for approximately 300 Plaintiffs who worked for numerous subcontractors in some thirty states are manifest and massive. The Court is not persuaded that any of the case-management techniques that Plaintiffs propose is likely to alleviate this burden. For this entire burden to be placed on one court (i.e., one district court judge) does not serve judicial economy. Requiring one court to preside over so many individual adjudications would not result in efficiency because the burden would likely overwhelm any single judge's docket and thereby necessarily delay the resolution not only of these Plaintiffs' claims, but also delay other cases. By contrast, judicial economy would be served by having a number of other courts adjudicating a number of smaller cases at the same time. Dropping the non-California plaintiffs so they can re-file closer to home would avoid these problems.

**D.       Conclusion and Remedy**

"The purpose of [joinder] is to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits. [] Single trials generally tend to lessen the delay, expense and inconvenience to all concerned." Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1332 (8th Cir. 1974). Based on the foregoing discussion, the Court finds that joinder of the non-California Plaintiffs' claims and the California Plaintiffs' claims in this action in the Central District of California would controvert these purposes.

Litigating the claims of nearly 280 non-California Plaintiffs in this district would inconvenience almost all of the parties (except Defendant DirecTV) and inconvenience almost all of the likely numerous non-party witnesses. Considering the preponderance of out-of-state witnesses relevant to the non-California Plaintiffs' claims, joining those claims in a suit before this Court would likely add to, not reduce, the expense of litigation. Furthermore, concentrating all of these claims before a single court would certainly delay rather than expedite the resolution of all of the Plaintiffs' claims, and would unnecessarily clog this court's docket and delay other cases. Although joinder would prevent multiple lawsuits, this is of little practical benefit because all of the claims have to be litigated independently anyway. Finally, a single trial to adjudicate the claims of 300 plaintiffs working for numerous subcontractors in some 30 states would not only be inconvenient, it would be a logistical nightmare. See Acevedo v. Allsup's Convenience Stores, Inc., 600 F.3d 516, 521-522 (5th Cir. 2010) (affirming denial of joinder because "[t]he district court was within its wide discretion to conclude that trying these claims together would be too challenging logistically, given the divergent working conditions at each

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8108-ABC (Ex) <br> CV 13-8109 ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Antonio Acfalle, et al., v. DirectTV, Inc., et al. <br> Anthony Addison, et al., v. DirectTV, Inc., et al. | | |

store and the different defenses applicable to each plaintiff's claims.").

     Thus, pursuant to its discretionary authority as described in <u>Desert Empire Bank</u>, the Court finds that severance is warranted and will therefore sever the claims of all non-California Plaintiffs. However, rather than simply severing those Plaintiffs' claims into separate cases and transferring them to other districts[4], the Court will, consistent with Rule 21, "drop" all those Plaintiffs and stay the statute of limitations for 90 days to permit them to refile their claims in other fora (for example, in the districts in which the Plaintiffs reside, in districts in neighboring states, etc.) if they wish to pursue them.

     "Dropping" the non-California Plaintiffs rather than severing them into individual cases, and staying the statute of limitations, is consistent with Rule 21's admonition that the court can drop a party but must do so "on just terms."  Most significantly, staying the statute of limitations for ninety days avoids prejudicing the severed Plaintiffs because they will be protected from adverse statute-of-limitations consequences and will have sufficient time to decide whether to refile.  It also allows those Plaintiffs to again attempt to join their claims where it may be more appropriate than it is in this case in this district, such as, for example,  when smaller numbers of Plaintiffs allege they were employed by the same subcontractor, and/or in the same state.  Should any Plaintiffs re-file joined claims, the courts presiding over those necessarily much smaller cases would be far better positioned to perform the potentially detail-intensive Rule 20(a) analysis for a limited number of plaintiffs than this court is for some 300 plaintiffs.  Those same courts would also be better positioned to decide motions to sever Defendants.   Finally, dropping the non-California Plaintiffs rather than severing and transferring them to as-yet-unspecified districts avoids imposing excessive and perhaps futile administrative burdens on the Central District's Clerk's Office.

//
//
//
//

---

   [4] Although Defendants asked the Court to sever all Plaintiffs and transfer their individual claims to other states, Defendants did not identify which is the appropriate transferee district for each Plaintiff, and that is not something the Court can (or should attempt to) ascertain from the papers.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 13-8108-ABC (Ex) <br> CV 13-8109 ABC (Ex) | Date | July 22, 2014 |
|---|---|---|---|
| Title | Antonio Acfalle, et al., v. DirectV, Inc., et al. <br> Anthony Addison, et al., v. DirectV, Inc., et al. | | |

### IV.  CONCLUSION

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** Defendants' Motion to Sever Plaintiffs, as follows:

As to *Antonio Acfalle, et al., v. DirectV, Inc., et al.,* case no. CV 13-8108-ABC (Ex), the Court **DISMISSES WITHOUT PREJUDICE** all Plaintiffs **EXCEPT Mark Jones, who shall remain in the case**.

As to *Anthony Addison, et al., v. DirectV, Inc., et al.*, case no. CV 13-8109-ABC (Ex), the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs Pierre Cooper and Wayne Simon.  **All other Plaintiffs shall remain in the case**.

The Plaintiffs who are dismissed are dismissed without prejudice to their refiling their claims in their home states or in neighboring states.  The Court also hereby **STAYS** the statute of limitations for a period of ninety (90) days from the issuance of this Order.

Defendants' Motions to Transfer and Motions to Sever Defendants are hereby **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer    AB